UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KATIE M. LARSON,

       Plaintiff,                      Case No. 1:14-CV-564

v.                                            HON. GORDON J. QUIST

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION**

This is an action pursuant to Section 405(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that the Commissioner's decision shall be conclusive if it is supported by substantial evidence. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

*Background*

On August 31, 2010, before Plaintiff turned 18, her mother filed an application for SSI on her behalf. Plaintiff's claim was denied initially, and she requested a hearing. Plaintiff testified at the hearing, as did a vocational expert. On January 15, 2013, the ALJ issued a decision finding Plaintiff not disabled. The Appeals Council declined to review the ALJ's determination, rendering

it the Commissioner's final decision. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## *Standard of Review*

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence could have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

*Standard for Disability*

**1.     Childhood Disability**

Federal law provides that an "individual under the age of 18" will be considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations." 42 U.S.C. § 1382c(a)(3)(C)(i). To determine whether a child satisfies this standard, the Commissioner must evaluate the claim pursuant to a three-step sequential process. 20 C.F.R. § 416.924.

In the first step, if the ALJ determines that the child is engaged in substantial gainful activity she cannot be found to be disabled. 20 C.F.R. § 416.924(b); *Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). If the child is not engaged in substantial gainful activity the analysis proceeds to step two, at which point the ALJ must determine whether the child has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c); *Elam*, 348 F.3d at 125. If the ALJ determines that the child suffers from a severe impairment, or combination of impairments, the analysis proceeds to step three, at which point the ALJ must determine whether the impairment(s) "meet, medically equal, or functionally equal" one of the impairments identified in the Listing of Impairments. 20 C.F.R. § 416.924(d); *Elam*, 348 F.3d at 125. To determine whether a child claimant suffers from an impairment which is the functional equivalent of a listed impairment, the ALJ must evaluate how the child functions in each of six domains of functioning described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(a)-(b). To be considered disabled the child's impairments must result in "marked"

3

limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). The six domains of functioning are:

      (i)      acquiring and using information,
      (ii)     attending and completing tasks,
      (iii)    interacting and relating with others,
      (iv)    moving about and manipulating objects,
      (v)     caring for yourself, and
      (vi)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1).

The ALJ found that Plaintiff had severe impairments of mood disorder, cannabis abuse, learning disorder, deep vein thrombosis (DVT), and May-Thurner Syndrome. (Dkt. #7-2 at Page ID#38.) The ALJ found that Plaintiff had less than marked limitations in acquiring and using information, attending and completing tasks, and health and physical well-being. (Dkt. #7-2 at Page ID##44-48.) The ALJ determined that Plaintiff had marked limitation in interacting and relating to others, and no limitation in moving about and manipulating objects or ability to care for herself. (*Id.*) The ALJ thus concluded that Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled any of the impairments in the Listing of Impairments, and thus Plaintiff was not disabled before reaching age eighteen.

**2.    Adult Disability**

Because Plaintiff turned eighteen before the hearing, the ALJ also applied the standard for adult disability. The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).[1] If the Commissioner can

---

[1] 1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4

make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ found that Plaintiff's impairments remained severe but did not meet or medically equal a listed impairment. The AlJ further determined that Plaintiff had the residual functional capacity to perform a full range of work with certain limitations. The ALJ found that Plaintiff was limited to simple, routine tasks that have no more than two steps and involve no more than simple work related judgment. (Dkt. #7-2 at Page ID#50.) The ALJ also found that Plaintiff could have only occasional interaction with supervisors and no interaction with co-workers or the public, could not perform calculations, and had to avoid exposure to machinery and unprotected heights. (*Id.*)

The ALJ posed hypothetical questions to a vocational expert based on the limitations in the RFC. The vocational expert asserted that there existed over 9,000 jobs in the state of Michigan that

---

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

an individual with Plaintiff's RFC could perform. (*Id.* at Page ID#51.) This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Servs.*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006). The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.

*Discussion*

**1.     Plaintiff's DVT And May-Thurner Syndrome**

Plaintiff argues that the ALJ failed to consider Plaintiff's DVT and May-Thurner syndrome, as well as the effects of coumadin, the drug prescribed to Plaintiff for such conditions. Plaintiff acknowledges that the ALJ found that Plaintiff's DVT and May-Thurner syndrome constituted severe impairments, but argues that the assigned RFC did not include any physical limitations related to those conditions or the side effects from the coumadin.

The law is well established that "the claimant bears the burden of proving the existence and severity of limitations caused by her impairments." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Plaintiff argues that the diagnosis and treatment of her DVT indicates that she must have physical limitations, and that coumadin may cause side effects. Plaintiff fails, however, to point to any evidence in the record demonstrating that she actually had such limitations or experienced such side effects. Moreover, as the ALJ explained, both the medical evidence and Plaintiff's activities of daily living demonstrated that she had no problems moving about. Accordingly, Plaintiff's argument that the ALJ failed to take account of physical limitations fails. *See Edwards v. Colvin*, No. 2:13-CV-419-JHR, 2015 WL 46071, at *3 (D. Me. Jan. 2, 2015) (noting that a finding that a physical impairment is severe does not automatically require limitations as part of the RFC finding).

6

**2. Weighing of Evidence**

Plaintiff argues that the ALJ erred in affording great weight to the opinion of a non-examining psychologist, Dr. Marshall. The ALJ found that Dr. Marshall's opinion was consistent with the record as a whole, and noted that there were no opinions from treating or examining physicians indicating that Plaintiff was disabled or had limitations greater than those assigned by the ALJ. Plaintiff argues that such statement is "totally false," but fails to cite sufficient evidence in the record to contradict it. On the contrary, the only record evidence that Plaintiff cites are two GAF scores provided by a treating psychiatrist. However, as the Sixth Circuit has noted, "no particular amount of weight is required to be placed on a GAF score." *Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 508 (6th Cir. 2013). *See also Sohm v. Astrue*, No. CIV.A. 3:07CV257-J, 2008 WL 2437541, at *2 (W.D. Ky. June 13, 2008) ("While the GAF may represent a single piece of information to be considered in a disability inquiry, it cannot substitute for specific information about particular capabilities and characteristics.") Accordingly, Plaintiff has failed to demonstrate any error in the ALJ's decision to assign Dr. Marshall's opinion great weight.

**3. Hypothetical Questions Presented to the Vocational Expert**

Plaintiff argues that the hypothetical questions that the ALJ presented to the vocational expert did not accurately reflect Plaintiff's limitations. The hypothetical questions that the ALJ presented were consistent with the RFC (*see* dkt. #7-2 at Page ID#95), and Plaintiff does not argue otherwise. Thus, Plaintiff's argument is essentially that the RFC did not accurately encompass her limitations. In particular, Plaintiff argues that she is unable to maintain regular attendance at a job.

The RFC "is defined as the most a claimant can still do despite the physical and mental limitations resulting from her impairments." *Poe v. Comm'' of Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir.2009). An ALJ's RFC determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir.2012). If the record contains "conflicting

7

evidence that would suggest further limitations, under the substantial evidence standard, administrative findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Id.* (internal quotations omitted).

The ALJ thoroughly supported his RFC determination with record evidence, which Plaintiff has failed to successfully refute. It is not enough to simply assert that Plaintiff would have been unable to maintain regular attendance at a job without evidence to support that assertion. Accordingly, the ALJ did not err in determining the RFC or posing hypothetical questions to the vocational expert.

## Conclusion

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.

Dated:  September 25, 2015                     /s/ Gordon J. Quist
                                       GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE